IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID P. CUCCHI,

    *Plaintiff,*

v.

ROBERT J. KAGEL, *et al.*

    *Defendants.*

CIVIL ACTION
NO. 17-01597

PAPPERT, J.                                                                                                          August 8, 2018

**MEMORANDUM**

David Cucchi sued Robert Kagel, John Cocchi, Michelle Achenbach and Chester County, Pennsylvania, alleging that termination from his County position violated his First Amendment rights, the Pennsylvania Whistleblower Law and Pennsylvania public policy. (Am. Compl., ECF No. 3.) The Defendants filed a motion to dismiss Cucchi's First Amended Complaint.[1] (Mot. to Dismiss, ECF No. 10.)

On March 2, 2018, the Court granted the motion in part and denied it in part, with leave to amend one of Cucchi's claims. Specifically, the Court dismissed Cucchi's First Amendment retaliation claim against the individual defendants because he failed to allege that his speech was a substantial factor in his firing. *See Cucchi v. Kagel*, No. 17-01597, 2018 WL 1141255, at *5 (E.D. Pa. Mar. 2, 2018). Cucchi's First Amendment claim against Chester County was dismissed for failure to allege a constitutional violation. *Id.* The Court denied the Defendants' Motion with respect to the Whistleblower Claim because Cucchi sufficiently alleged violations of policies imposed by the Criminal Justice Information Services and Commonwealth Law Enforcement

---

[1]     Cucchi amended his Complaint once as of right. (ECF No. 3.)

Assistance Network. *Id.* at 6. Finally, Cucchi's claim for retaliatory discharge was dismissed with prejudice because it was barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8541, *et seq.* Cucchi was granted leave to amend his First Amendment claim. *Id.* at 6–7.

Cucchi filed his Second Amended Complaint on March 22, 2018, again attempting to state a First Amendment retaliation claim and restating his claim under the Pennsylvania Whistleblower Law, 43 Pa. Const. Stat. § 1341 *et seq.* (Sec. Am. Compl., ECF No. 22.) Defendants move once more to dismiss Cucchi's First Amendment claim, (Mot. to Dismiss at 8–10, ECF No. 24), and the Court grants the Motion and dismisses that claim, this time with prejudice.[2]

I

Cucchi's allegations and the Court's analysis of the First Amended Complaint are set forth in detail in the Court's March 2, 2018 Memorandum and need not be repeated. The only issue before the Court is whether or not Cucchi has sufficiently

---

[2] Kagel, Cocchi and Achenbach also filed answers to Cucchi's Second Amended Complaint. *See* (ECF Nos. 25, 26, 27, 28). After their answers were filed, Cucchi moved to "deny the defendants' motion to dismiss," contending that the simultaneous filing of an answer moots the Motion to Dismiss. (Mot., ECF No. 30.) The Court denied Cucchi's Motion (ECF No. 31), and in his response to the current Motion asks the Court to reconsider its decision. (Resp. at 11 n.2, ECF No. 34.)

First of all, if Cucchi wanted the Court to reconsider a ruling, he should have filed a motion for reconsideration, not raised the argument in his response. Even if he had filed a motion, however, it would have been denied. A motion for reconsideration will only be granted on one of three grounds: "(1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice." *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 399 (E.D. Pa. 2002) (quoting *Smith v. City of Chester*, 155 F.R.D. 95, 96–97 (E.D. Pa. 1994)). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Gas. Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Cucchi's argument is a reiteration of prior arguments prompted by "dissatisfaction with the Court's ruling." *Liverman v. Gubernik*, No. 10-1161, 2010 WL 4054195, at *1 (E.D. Pa. Oct. 15, 2010). Moreover, when a Rule 12(b) motion is filed simultaneously with an answer, the Court "will view the motion as having preceded the answer and thus as having been interposed in timely fashion." 5 C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1361 (3d ed. 2012).

2

alleged facts which would allow the Court to reasonably infer that his comments to the FBI agents and Officer McIntyre played a substantial factor in the termination of his employment. He has not done so.[3]

A

Cucchi contends that Kagel, Cocchi and Achenbach violated his First Amendment rights by firing him for discussing the CAD System with the FBI agents and with McIntyre. *See* (Sec. Am. Compl., ¶¶ 88–93). In his First Amended Complaint, Cucchi alleged that "Kagel and Cocchi both became aware" of his conversation with McIntyre, though he did not claim that any Defendant knew about his conversation with the FBI agents. (Am. Compl., ¶ 53.) Cucchi's retaliation claim was dismissed because he failed to sufficiently allege that the Defendants "were aware of his conversations with the FBI agents and McIntyre." *Cucchi*, 2018 WL 1141255 at *4. In his Second Amended Complaint, he again alleges that Kagel and Cocchi "both became aware" prior to his firing that he "had spoken with the FBI agents" and "informed McIntyre or another member of the West Chester Police Department" about the CAD System's deficiencies. (Sec. Am. Compl., ¶¶ 52, 57.) Cucchi also alleges that he

---

[3] Neither side's briefing was helpful. The Defendants' ten page brief relitigates an issue the Court decided in its initial Memorandum, namely whether Cucchi's alleged conversations were protected by the First Amendment. (*Id.* at 6–8.) They then skip past the core issue of the sufficiency of the allegations and argue that the claims against the Defendants in their individual capacities are barred by qualified immunity—something the Court did not need to address the first time around and is not applicable this time for the same reasons. *See* (*id.* at 8–10); *see also Cucchi*, 2018 WL 1141255 at *4 n.2.

For his part, Cucchi submits a twenty-five page brief (matching coincidentally the Court's page limit), twenty-three and a half pages of which are irrelevant or unnecessary. (Resp. at 1–23.) The first ten and a half pages repeat (mostly verbatim) the Second Amended Complaint, followed by two pages of standards for motions to dismiss. (*Id.* at 1–11.) Pages twelve through twenty relitigate an issue Cucchi already won—that he has alleged matters of public concern in his capacity as a private citizen. (*Id.* at 12–20.) Not until page twenty-one does Cucchi address why he thinks he sufficiently alleges that his conversations with McIntyre and the FBI agents caused his firing. (*Id.* at 21–22.) Unfortunately, his argument relies again on repetitive and conclusory points. (*Id.*)

described his conversation with the FBI agents to Cocchi during a meeting with five Chester County directors. (*Id.* at ¶ 47.)

Again, the Court previously determined that Cucchi's conversations with the FBI agents and McIntyre were protected by the First Amendment, and the only issue is whether that speech was a substantial factor in his firing. *See Gorum v. Sessoms*, 561 F.3d 179, 184 (3d Cir. 2009) (discussing requirements for a First Amendment retaliation claim); *see also Cucchi*, 2018 WL 1141255 at *3. Cucchi can show this "causal link" by either "(1) an unusually suggestive temporal proximity between the protected activity and the alleged retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link," or (3) "from the 'evidence gleaned from the record as a whole.'" *Lauren W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)). Cucchi must also allege facts that allow the Court to reasonably infer that each defendant was aware of the protected conduct. *Ambrose v. Township of Robinson*, 303 F.3d 488, 493 (3d Cir. 2002).

B

Cucchi's Second Amended Complaint fails to cure the deficiencies identified in its predecessor. First, Cucchi again fails to sufficiently allege that Achenbach or Kagel were aware of his conversations with the FBI agents and McIntyre. Indeed, he never contends that Achenbach even knew about either conversation. *See* (Sec. Am. Compl., ¶¶ 69–71); *see also Cucchi*, 2018 WL 1141255 at *4 n.1. Cucchi also repeats the First Amended Complaint's insufficient and conclusory allegation that Kagel "became aware" of both conversations prior to his firing. (Sec. Am. Compl., ¶¶ 52, 57.) As before, this

assertion remains unsupported by any alleged facts that would allow the Court to reasonably infer that Kagel knew about either conversation. *See Hammond v. City of Wilkes Barre*, 628 Fed. App'x 806, 808 (3d Cir. 2015) (declining to credit allegation that defendants "were aware of [plaintiff's] protected activities."); *see also Ambrose*, 303 F.3d at 493.

Cucchi sufficiently alleges facts which allow the Court to infer that Cocchi was aware of his conversation with the FBI agents.[4] (Sec. Am. Compl., ¶ 47.) He fails, however, to allege facts from which the Court can reasonably infer that the conversation with FBI agents was a substantial factor in his firing. To be probative of causation, "the timing of the alleged retaliatory action must be unusually suggestive of retaliatory motive before a causal link will be inferred." *Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) (quoting *Estate of Smith v. Marasco*, 318 F.3d 487 (3d Cir. 2003)). The conversation with the FBI agents took place on December 2, Cucchi told Cocchi about that discussion on December 5, and Cucchi was fired on January 12. (Sec. Am. Compl., ¶¶ 39, 46, 47, 76.) The passage of nearly six weeks between the December 5 conversation and Cucchi's termination is not unusually suggestive of retaliatory motive. *Compare Hammond*, 628 F. App'x at 808 (noting two weeks "may be close enough temporally to be probative of causation") *with Thomas*, 351 F.3d at 114 (finding temporal proximity not unduly suggestive when three weeks elapsed between protected activity and retaliatory action).

---

[4] With respect to the conversation with McIntyre, Cucchi similarly claims that Cocchi "became aware" of that conversation prior to his termination. *See* (Sec. Am. Compl., ¶ 57). Cucchi does not plead any factual support for this conclusion. *See Santiago v. Warminster Tp.*, 629 F.3d 121, 131–32 (3d Cir. 2010) (discussing conclusory statements unsupported by further factual content); *see also Hammond*, 628 Fed. App'x at 808.

5

Where temporal proximity alone is not unusually suggestive of retaliatory motive, "timing plus other evidence may be an appropriate test" for causation. *Marasco*, 318 F.3d at 513 (quoting *Farrell*, 206 F.3d at 280). "Other evidence" can be a pattern of antagonism. *Robinson v. Se. Pa. Transp. Auth.*, 982 F.2d 892, 894 (3d Cir. 1993). Cucchi does not allege a pattern of antagonism toward him following the conversation with the FBI agents, nor does he contend that Cocchi warned or disciplined him for that conversation. Instead, he claims merely that after informing Cocchi about the conversation, he was told not to discuss the CAD System's deficiencies at an upcoming meeting. (Sec. Am. Compl., ¶ 50.)[5]

II

Federal Rule of Civil Procedure 15 permits a party to amend its pleadings with the court's permission. Fed. R. Civ. P. 15(a)(2). Courts should grant leave to amend when justice so requires unless it would cause undue delay or undue prejudice, the request is in bad faith or a result of dilatory conduct, or if amendment would be futile. Fed. R. Civ. P. 15(a)(2); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Cucchi was given leave to file a second amended complaint to cure the deficiencies identified in this Court's March 2, 2018 Memorandum and Order. His Second Amended Complaint does not remedy the shortcomings previously identified by the Court and Cucchi has not sought leave to amend a third time. In any event, further amendment would at this point be futile.

An appropriate Order follows.

---

[5] Cucchi also asserted a First Amendment retaliation claim against Chester County, which is analyzed under the standard for municipal liability set forth in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Since Cucchi fails to state a claim for any underlying constitutional violation, his *Monell* claim fails. *Id.*; *see also Cucchi*, 2018 WL 1141255 at *5.

BY THE COURT:

_/s/ Gerald J. Pappert_

GERALD J. PAPPERT, J.